James Edward WASHINGTON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 54593.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 13, 1979.

Edward A. Stapleton, III, on appeal only, Lewisville, for appellant.

John E. Lawhon, County Atty. and Howard E. Watt, Asst. County Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

The offense is theft over $200.00. Punishment was assessed at 10 years. The controlling issue is the voluntariness of the confession introduced at trial.

This case presents an unusual fact situation involving a plea bargain. Appellant was originally charged in a two count indictment with burglary and theft. The case had proceeded as far as voir dire of the jury when plea negotiations were conducted in the trial judge's chambers. Appellant

requested the opportunity to take a polygraph examination, but the prosecution would agree only if appellant would first plead guilty to the burglary. A bargain was struck which provided that a guilty plea would be entered, a "stipulation" would be signed,[1] and then a polygraph test would be given. If appellant passed the examination, then the State would join in a motion for new trial. Although the record is sketchy as to the exact events following the guilty plea, it appears that the polygraph test was given and a new trial was granted. Appellant was reindicted for theft, and the stipulation was introduced at that trial.

█ In a hearing on appellant's pretrial motion to bar admission of the stipulation at his trial for theft, another aspect of the burglary plea bargain was discussed. The prosecutor that negotiated the plea testified about the agreement as to the use of the stipulation:

"Q: And did you and Mr. Griffin have any agreements as to the use of that judicial stipulation in the event of a new trial?

A: Yes, sir. Mr. Griffin and I did have an agreement in the use to be made of the stipulation in the event that the defendant passed the polygraph and a new trial was granted.

Q: What was that?

A: And that agreement was that the state would not use that stipulation if the defendant passed the polygraph and received a new trial as a result of passing the polygraph."

It is appellant's contention that the stipulation was an involuntary confession because it was obtained by a promise of benefit. We agree that the stipulation was a confession, and that the circumstances in which it was obtained made it inadmissible as a matter of law. We need not consider whether

1. The "stipulation" signed by appellant was in part as follows:

"On July 14, 1975, I did then and there knowingly and intentionally, without the effective consent of Sam Ferris, the owner thereof, enter a building not then and there open to the public, with intent to commit theft, to-wit: with intent then and there to obtain property unlawfully from Sam Ferris, the owner of said property, and with intent to deprive the said owner of said property, as alleged in the indictment."

this confession was obtained in violation of appellant's constitutional rights, because state law prohibits its use at trial.

The primary case is *Fisher v. State*, 379 S.W.2d 900 (Tex.Cr.App.1964). That decision set out a four part test to be applied in such situations. Before a confession will be rendered inadmissible under this theory, the promise must: (1) be of some benefit to the defendant; (2) be positive; (3) be made or sanctioned by a person in authority; and, (4) be of such character as would be likely to influence the defendant to speak untruthfully. *Fisher* at 902. We will discuss each of these points separately.

The requirement that the promise be beneficial to the defendant is simple to apply. Appellant was promised that he would be given the opportunity to take the polygraph test with the chance of setting aside the guilty plea and the stipulation, and also the possibility of having all charges dropped.[2] The direct benefit promised was that which appellant requested: the opportunity to take a polygraph test. The potential benefit was possible discharge if he was found to be truthful during the examination.

The second requirement is that the promise be "positive" rather than equivocal. The record shows that the promise was positive that appellant would be allowed to take the polygraph as he desired. He was also given the unequivocal promise that if he passed the test, the State would join the motion for new trial and the stipulation would be vitiated.

The third step is that the promise be made or sanctioned by a person in authority. Here the promise was made by the prosecutor, a person "in authority." Further, the negotiations were conducted in the trial judge's chambers, apparently in his presence, and the promise was at least tacitly sanctioned by him.

Finally, the promise must be of such character "as would be likely to influence the defendant to speak untruthfully."

*Fisher*, supra, at 902. Ascertaining the applicability of this part of the test is more difficult, but not especially so on the facts of the case before us. The question is whether the circumstances of the promise given made the defendant "inclined to admit a crime he had not committed . . ." *Fisher*, supra, at 902.

The testimony of all the parties involved in the plea bargain showed that appellant had no intention of pleading guilty until he was assured that he would be allowed to take the polygraph as he had requested. He was also promised that if he told the truth on that examination, then any confession or "stipulation" he made in court would be disregarded, and his conviction would be set aside. Under those circumstances a person intending to tell the truth on the exam would have nothing to lose by confessing, but would have the possibility of the ultimate gain of having the charges dismissed. This case differs importantly from the usual plea bargain situation in which the defendant accepts a sure conviction with whatever accompanying punishment in exchange for a guilty plea. While we do not say that such a plea bargain would never come within the test of *Fisher*, we presume that a defendant would be much less likely to admit to a crime not performed when he is faced with a sure conviction, albeit a less serious conviction than the offense charged. Appellant, however, faced a situation in which a truthful polygraph examination would result in no worse of a position for himself than prior to the confession, but could potentially secure his release. Such circumstances would very likely amount to an irresistible pressure to sign a confession even though the defendant is innocent.

Involuntary confessions have been universally condemned as inherently unreliable and a violation of due process of law. The confession obtained in this case suffers from both defects, and its admission was prejudicial error. The process of plea bar-

2. Appellant's counsel on the burglary charge testified that his understanding of the plea bargain was that if appellant passed the polygraph, the charges would be dismissed after the motion for new trial was granted. Appellant testified that his understanding was that "if I passed the polygraph, it would be set aside, the conviction."

gaining is probably a necessary part of our criminal justice system, but it should not be allowed at the heavy risk of enticing the innocent into confessing.

For these reasons the judgment is reversed and the cause is remanded.

DALLY and W. C. DAVIS, JJ., concur in result.